The STATE of Ohio, Appellee,

v.

LUCKETT, Appellant.

[Cite as *State v. Luckett* (1995), 101 Ohio App.3d 330.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940162.

Decided Feb. 22, 1995.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Stephen J. Wenke,* Assistant Prosecuting Attorney, for appellee.

*Arthur C. Church,* for appellant.

*Per Curiam.*

On May 11, 1993, a four-count indictment was returned against defendant-appellant, Frank Luckett. Count 1 was for possession of marijuana under R.C. 2925.03(A)(6); count 2 was for trafficking in marijuana under R.C. 2925.03(A)(2); count 3 was for possession under R.C. 2925.03(A)(9); and count 4 was for conspiracy to traffic in marijuana under R.C. 2925.03(A)(9). Following a jury trial, defendant was found not guilty of count 1 and guilty of count 2. Counts 3 and 4 were dismissed. Defendant was sentenced to one and one-half years' incarceration.

In this appeal, defendant asserts two assignments of error. For the reasons that follow, we find the first assignment of error to be without merit and sustain the second assignment of error.

The relevant facts are as follows. Carlos Turner, a man arrested in Arkansas with one hundred pounds of marijuana in his possession, agreed to cooperate with authorities to complete the delivery of the drugs to their Cincinnati destination. Tom McGrath, a commander in the Drug Abuse Reduction Task Force ("D.A.R.T."), met with Turner prior to the proposed transaction to obtain the details of the delivery. Turner used defendant's pager number to contact him. Defendant returned the call, which was recorded. Turner wore a recording wire during his meeting with defendant at his Wayne Avenue address. When it became clear to McGrath that defendant wanted to complete the deal at another location, agents moved in to execute search warrants previously obtained for the Wayne Avenue address, as well as a Waverly Avenue address. During the execution of the search warrants, police found information of a third address belonging to defendant and obtained a search warrant for that address as well.

The search of the Waverly Avenue address yielded twenty-two pounds of marijuana. At the third address, agents found $11,000 in cash, several firearms,

marijuana residue, and electronic scales. An answering machine with a message from Turner was obtained as well.

In his first assignment of error, defendant asserts that the trafficking conviction in this case is against the manifest weight of the evidence. Although defendant addresses the issue as weight of the evidence, his discussion centers largely on the sufficiency of the evidence used to convict him. Initially we note that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212. Appellate review as to the sufficiency of the evidence relates to whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132, syllabus.

Defendant asserts that the evidence used to convict him was circumstantial and that an appellate court must reverse a conviction based on circumstantial evidence where the evidence does not preclude all reasonable theories of innocence. The Ohio Supreme Court, however, changed that standard in *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph one of the syllabus. In *Jenks,* the court held that when the state relies upon circumstantial evidence to prove an essential element of an offense, there is no requirement that the evidence be irreconcilable with any reasonable theory of innocence in order to support the conviction. Furthermore, the court held that the proper standard for sufficiency of the evidence is met where the evidence, viewed in a light most favorable to the state, would convince an average mind of the defendant's guilt beyond a reasonable doubt. *Id.* at paragraph two of the syllabus.

Defendant was found guilty of violating R.C. 2925.03(A)(2), trafficking in drugs. The state presented the testimony of two of the D.A.R.T. agents involved in the investigation, as well as numerous articles of physical evidence, including several tape-recorded conversations and phone messages, the drugs, a lab report identifying the drugs found as marijuana, a handgun, small and large scales, and a photograph of the currency found at the third address. As to the weight of the evidence, we conclude that the jury was entitled to believe the testimony of the state's witnesses instead of the testimony offered by the defense. Moreover, we hold that the jury could have reasonably inferred, from the other evidence offered, that defendant was guilty of preparing a controlled substance for shipment or distribution. Accordingly, defendant's first assignment of error is overruled.

In his second assignment of error, defendant argues that the trial court erred in sentencing him to one and one-half years' imprisonment for violating

R.C. 2925.03(A)(2). Defendant specifically argues that the trial court should have held a hearing to determine whether he had any information that he should have given to the police, in accordance with R.C. 3719.70(B). Moreover, defendant suggests, and we agree, that the trial court believed that it had no choice but to deny probation based on its reading of R.C. 3719.70(B).

R.C. 3719.70(B) states that when a person is convicted of a drug abuse offense, the court shall *take into consideration* whether he cooperated with authorities in furnishing information in making its determination whether to grant probation. In discussing his sentence and the possibility of probation, the trial court had the following discussion with defendant concerning R.C. 3719.70(B):

"The Court: If you're convicted of the offense, you're required to give that information. If you don't give it—if you don't give it, *I can't consider probation.* Is that clear?

"The Defendant: Yes.

"The Court: You haven't done that. You've decided, apparently for whatever reason, not to take advantage of that particular section and cooperate and divulge that information *as to where you acquired the drugs and to whom you distributed the drugs.* Now, that being the case, *you leave me no alternative.* Do you understand that?" (Emphasis added.)

Because the trial court erroneously believed it could not consider probation at all in this case, the court did not consider the factors set forth in R.C. 2951.02. While it is true that a trial court has discretion in determining whether to place an offender on probation, we believe that the trial court erred in mistakenly believing that it was precluded from considering probation for defendant based on its overly narrow interpretation of R.C. 3719.70(B).

We interpret R.C. 3719.70(B) as providing the court with another factor to consider, along with those listed under R.C. 2951.02, in making a determination as to whether an offender should be granted probation. Consequently, we hold that the trial court erred in ruling out probation, as a matter of law, based on its interpretation of R.C. 3719.70(B). Defendant's second assignment of error is sustained.

Accordingly, we affirm the trial court's judgment with respect to the finding of the defendant's guilt. The sentence, however, is vacated and the cause is remanded to the trial court for resentencing only.

*Judgment affirmed in part,*
*vacated in part*
*and cause remanded.*

HILDEBRANDT, P.J., DOAN and M.B. BETTMAN, JJ., concur.